Robert A. Padway (Cal. Bar No. 48439)
Deborah A. Goldfarb (Cal. Bar No. 241942)
BRYAN CAVE LLP
Two Embarcadero Center
Suite 1410
San Francisco, California 94111
Telephone: (415) 675-3400
Facsimile: (415) 675-3434
E-Mail: robert.padway@bryancave.com
E-Mail: deborah.goldfarb@bryancave.com

Christine B. Cesare, *admitted pro hac vice*
Rachel E. Barber Schwartz, *admitted pro hac vice*
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
E-Mail: cbcesare@bryancave.com
E-Mail: rebarberschwartz@bryancave.com

Attorneys for Defendants
Meta Financial Group, Inc., and MetaBank

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMILTON FEDERAL CREDIT UNION, On its own behalf and on behalf of a class of Persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META FINANCIAL GROUP, INC., and METABANK,<br><br>Defendants. | Case No. 3:09-cv-01059-MMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed: March 11, 2009<br>Trial Date: xxx |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Hamilton Federal Credit Union and Defendants Meta Financial Group, Inc. and Metabank, through their respective counsel, that the following shall govern the handling of documents, deposition, and other material filed, produced, or otherwise disclosed in the above captioned matter.

# 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

# 2. DEFINITIONS

2.1. The term "document" or "documents," as used in this Confidentiality Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure. The term "party" or "parties," as used in this Confidentiality Order, shall mean all named parties in this lawsuit, i.e., Hamilton Federal Credit Union, Meta Financial Group, Inc., and MetaBank, including all of their respective officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff), and shall specifically exclude non-representative class members.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 The term "Confidential Information," as used in this Confidentiality Order, is defined to include information, documents, or materials not in the public domain that contain proprietary, personal, business, or trade-secret information or other

confidential financial information (including, but not limited to, customer or alleged customer information) and which qualifies for protection under F.R.Civ. P. 26(c).

        2.4     "Attorneys' Eyes Only Confidential" Information or Items are defined as extremely sensitive "Confidential Information" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

        3.     DESIGNATING PROTECTED MATERIAL

        3.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        3.2     Any party to this action or other person or entity, including any third party, who produces or supplies Confidential Information, documents or other materials used in this action (hereinafter defined as the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information or information protected from disclosure as defined by this Order or by contractual

obligations with third parties. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "CONFIDENTIAL." The designation "Attorneys' Eyes Only Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "ATTORNEYS' EYES ONLY CONFIDENTIAL."

   3.3 At the time of a deposition or within 14 days after receipt of the deposition transcript, a party may designate as Confidential or Attorneys' Eyes Only Confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs 2.3 and 2.4 above. Within 14 days of the receipt of the deposition transcript, the specific portion designated shall be set forth in writing and served upon all counsel. Transcripts will be treated as Attorneys' Eyes Only Confidential for this 14-day period. Any portions of a transcript designated Confidential or Attorneys' Eyes Only Confidential shall thereafter be treated as Confidential or Attorneys' Eyes Only Confidential in accordance with this Order.

4. DISCLOSURE OF CONFIDENTIAL INFORMATION

   4.1 Confidential Information that has been produced in this litigation may be disclosed only to:

- This Court and its personnel;
- Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel and litigation support vendors working for such counsel);
- Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;
- A deponent, but only in connection with preparation for and during the course of his or her deposition. Disclosure shall not include

4
STIPULATED PROTECTIVE ORDER
CASE NO. 3:09-cv-01059-MMC

providing to such deponents their own copies of any Confidential documents or other tangible items containing Confidential Information, unless they were the author or intended recipient of said information;

- A court reporter and a videographer; and
- The parties to this lawsuit.

5. DISCLOSURE OF ATTORNEYS' EYES ONLY CONFIDENTIAL INFORMATION

5.1 Attorneys' Eyes Only Confidential materials that have been produced in this litigation may be disclosed only to:

- This Court and its personnel;
- Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel and litigation support vendors working for such counsel);
- Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;
- A deponent who is questioned about Attorneys' Eyes Only Confidential materials or who is shown exhibits which constitute or include Attorneys' Eyes Only Confidential materials. Disclosure shall not include providing to such deponents their own copies of any Attorneys' Eyes Only Confidential materials or other tangible items containing Attorneys' Eyes Only Confidential materials outside of the deponent's deposition, unless the deponent is an author or intended recipient of the information designated as Attorneys' Eyes Only Confidential; and

- A court reporter and a videographer.

6. DISCLOSURE TO UNAUTHORIZED PERSONS

    6.1    If a party wishes to disclose Confidential Information or Attorneys' Eyes Only Confidential materials to any person not described in paragraphs 4 or 5 above, of this Confidentiality Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

7. ACKNOWLEDGMENT OF THIS ORDER

    7.1    Prior to obtaining access to Confidential Information or Attorneys' Eyes Only Confidential materials, any person to whom Confidential Information or Attorneys' Eyes Only Confidential materials may be disclosed pursuant to paragraphs 4 and 5 hereof, except this Court, its personnel, the named parties in this action and their counsel, shall be shown and shall read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment. If at any time the Designating Party has reason to believe that Confidential Information has been disclosed in violation of this Confidentiality Order, it may move this Court to obtain copies of the signed acknowledgments, which motion shall be granted upon good cause shown.

8. DUTY TO FOLLOW THE PROCEDURE SET FORTH IN CIVIL LOCAL RULE 79-5

    8.1    Where any Confidential Information or information derived from Confidential Information or Attorneys' Eyes Only Confidential materials are included in any Court filing, such filing shall be made under seal pursuant to Civil Local Rule 79-5.

9. REDACTIONS

9.1 Nothing in this Order shall prohibit the Producing Party's ability to redact information, as long as the redactions do not prevent the disclosure of discoverable information. Any challenges to redactions shall be handled in the same manner set forth for challenging confidentiality designations as set forth below.

9.2 In the event the following types of information are not redacted from produced material, regardless of confidentiality designation, said information must be treated as Confidential Information:

- Names of any customers or alleged customers;
- Addresses of any customers or alleged customers;
- Telephone numbers of any customers or alleged customers;
- Financial information of any customers or alleged customers; and
- Social security numbers or tax identification numbers of any customers or alleged customers.

10. USE OF CONFIDENTIAL INFORMATION LIMITED TO THIS ACTION

10.1 Except to the extent expressly authorized in this Confidentiality Order, Confidential Information or Attorneys' Eyes Only Confidential materials shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of Paragraphs 16 and 17 below.

10.2 Nothing in this Confidentiality Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

11. SCOPE OF THIS ORDER

11.1 Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Attorneys' Eyes Only Confidential materials shall be subject to the terms of the Confidentiality Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

## 12. CHALLENGING CONFIDENTIALITY DESIGNATIONS

12.1 Any party may object to a designation by notifying the Designating Party in writing, or orally when the objection is made during a deposition with counsel and a court reporter present, of that objection and specifying the designated material to which the objection is made. The parties' respective counsel shall, within 10 days of service of the objection, meet and confer concerning the objection (in voice to voice dialogue; other forms of communication are not sufficient). In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

12.2 If the objection is not resolved within 10 days of the parties' conference, the objecting party shall be entitled to file a motion seeking appropriate relief from the Court under Civil Local Rule 7, and in compliance with Civil Local Rule 79-5, if applicable. If such a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer session. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

12.3 With respect to any material which is redesignated or ceases to be subject to the protection of this Confidentiality Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

## 13. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL

13.1 Inadvertent failure to designate any information pursuant to this Confidentiality Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted promptly after learning of such disclosure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies.

## 14. INADVERTENT DISCLOSURE OF CONFIDENTIAL MATERIAL

14.1 In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned immediately to the party claiming privilege and work product immunity. Any notes shall be returned in a sealed and initialed envelope that shall be maintained by the Producing Party pending further order of the Court. The parties do not waive any claim of privilege or work product for any document produced in this action to which said party in any other action or proceeding presently asserts a claim of privilege or work product.

## 15. SUBPOENA

15.1 If any party or counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Confidentiality Order, counsel for such party shall, if there are fewer than 10 days to comply, within two, or if more than 10 days, at least seven business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential Information, until the Designating Party has had reasonable time to take appropriate steps to oppose the production of Confidential Information. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall

not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

16. MODIFICATIONS OF THIS ORDER

16.1 This Confidentiality Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Confidentiality Order. Furthermore, if any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Confidentiality Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

17. USE OF CONFIDENTIAL INFORMATION AT HEARINGS AND TRIAL

17.1 This Confidentiality Order is not intended to govern the use of Confidential Information or Attorneys' Eyes Only Confidential materials at any hearing or trial of this action. Before Confidential Information or Attorneys' Eyes Only Confidential materials are so used, questions of the protection of Confidential Information or Attorneys' Eyes Only Confidential materials during any hearing or trial will be presented to the Court by the Designating Party prior to or during the hearing and/or trial.

18. DURATION OF THIS ORDER

18.1 This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Confidentiality Order, notwithstanding the termination of this action.

18.2 Within 60 days after conclusion of this action, including the exhaustion of all appeals, all Confidential Information or Attorneys Eyes' Only Confidential materials produced in this litigation (other than exhibits at the official court of record) and copies thereof shall be returned to the Designating Party or, at the sole option of the Designating Party, shall be destroyed. However, documents or materials that contain

Confidential Information or Attorneys' Eyes Only Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be given to the Designating Party but shall be destroyed within the same time frame. Counsel for any party or third party receiving Confidential Information or Attorneys' Eyes Only Confidential materials shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within 120 days after the conclusion of this action.

19. RIGHT TO ASSERT OTHER OBJECTIONS

19.1 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: ___7/2/09_____   _____/s/_____
                                   Thomas Marc Litton, Esq. (Cal. Bar No. 119985)
                                   Sanford, Wittels & Heisler, LLP
                                   100 Montgomery Street, Suite 1600
                                   San Francisco, CA 94104
                                   Attorneys for Plaintiff
                                   Hamilton Federal Credit Union


DATED: ___7/2/09_____   _____/s/_____
                                   Robert A. Padway (Cal. Bar No. 48439)
                                   Deborah A. Goldfarb (Cal. Bar No. 241942)
                                   BRYAN CAVE LLP
                                   Two Embarcadero Center, Suite 1410
                                   San Francisco, CA  94111
                                   Attorneys for Defendants
                                   Meta Financial Group, Inc. and MetaBank

Counsel for the filing parties, Defendants META FINANCIAL GROUP, INC., and METABANK, hereby attest that the content of this document is acceptable to all persons required to sign the document.

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: July 8, 2009                     _____
                                       Honorable Maxine Chesney
                                       United States District Court Judge

BRYAN CAVE LLP
TWO EMBARCADERO CENTER
SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

# EXHIBIT A

BRYAN CAVE LLP
TWO EMBARCADERO CENTER
SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMILTON FEDERAL CREDIT UNION, On its own behalf and on behalf of a class of Persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META FINANCIAL GROUP, INC., and METABANK,<br><br>Defendants. | Case No. 3:09-cv-01059-MMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed: March 11, 2009<br>Trial Date: xxx |

I, _____, declare and state as follows:

1. I have read and understand the Confidentiality Order to which this Confidentiality Acknowledgement is annexed. I attest to my understanding that access to information designated Confidential may be provided to me by _____ and that such access is pursuant to the terms, conditions, and restrictions of the Confidentiality Order. I agree to be bound by the terms of the Confidentiality Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order. I also agree that upon termination of my involvement in the above-captioned case, I will return all documents, and any copies thereof, in my possession, custody or control to counsel for the party from whom I received the information.

2. I shall not use or disclose to others, except in accordance with the Confidentiality Order, any Confidential Information or Attorneys' Eyes Only Confidential Information. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Confidentiality Order, I understand that I may be subject to sanctions under the contempt power of this Court. All civil remedies for breach of this Confidentiality Acknowledgment

are specifically reserved by the Plaintiff and the Defendants and are not waived by the disclosure to me provided for in this Confidentiality Acknowledgement.

3. I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____   _____
                                 Signature

                                 _____
                                 Printed Name

                                 _____
                                 Firm Name

                                 Address:

                                 _____

                                 _____

                                 Telephone Number:

                                 _____


                                 _____
                                 Individual or Entity Represented

BRYAN CAVE LLP
TWO EMBARCADERO CENTER
SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111